# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**DIJO, INC.**                                                                                            **PLAINTIFF**

**V.**          **NO: 2:00CV113**

**HILTON HOTELS CORP., PARK PLACE ENTERTAINMENT CORP., GRAND CASINOS, INC., BL DEVELOPMENT CORP. AND BL RESORTS I, LLC,**          **DEFENDANTS**

## ORDER

This cause comes before the court addressing various pre-trial motions raised by the parties. The court considers first defendants' motion [183-1] to exclude a November 12, 1997 letter from Grand Casinos Vice President of Planning and Development Richard Bienapfl to Jo Bursey, in which Bienapfl wrote as follows:

> Dear Jo,
>
> We have provided you with the changes to the Tunica Ground Lease as proposed by our attorney and your call indicated that the lease did not cover the issue of the marketing which Grand Casinoss, [sic] Inc. has agreed to provide to your project.
> We shall provide the reservation services through our central reservation system if desired and any and all brochures for the Casino (The Comfort Suites shall be listed in our casino brochures) and in any of the National Advertising publications such as Southern Living, etc. at no cost to your project.
> Please call me if you need to discuss further.
> Sincerely yours,
> Grand Casinos, Inc.
>
> **/s/ Richard C. Bienapfl**

Defendants do not dispute the authenticity of this letter, but they nevertheless seek to exclude it on two bases. First, defendants argue that the letter was not timely disclosed in

discovery and that it should be excluded on this basis. The court does not agree. There is no indication that plaintiff engaged in a willful discovery violation by initially failing to disclose the letter, and defendants have had many months to evaluate the letter and to prepare for its potential use at trial. Plaintiff further notes that it submitted discovery requests to defendants which specifically requested the production of letters written from defendants to plaintiff. In light of the foregoing, it seems clear that defendants likewise failed to disclose the letter, and they are therefore not in a strong position to complain about a similar failure on the part of plaintiff.

Defendants next argue that the letter should be excluded on the basis of the parol evidence rule. Under the parol evidence rule, where a contract is not ambiguous, the intention of the contracting parties should be gleaned solely from the wording of the contract. *Turner v. Terry,* 799 So.2d 25, 32 (Miss. 2001); *Heritage Cablevision v. New Albany Elec. Power Sys.,* 646 So.2d 1305, 1312 (Miss.1994). Parol evidence will not be received to vary or alter the terms of a written agreement that is intended to express the entire agreement of the parties on the subject matter at hand. *Turner,* 799 So.2d at 32; *Grenada Auto Co. v. Waldrop,* 188 Miss. 468, 195 So. 491, 492 (1940). Defendants argue that the lease agreement executed between the parties on June 8, 1998 represents the entire agreement between the parties and that Bienapfl's letter may not serve to add to the terms of that agreement.

Defendants note that the only provision in the lease relating to marketing obligations is Clause 41, which provides as follows:

> 41. Landlord's advertising rights. Tenant shall, at Landlord's request, take all steps necessary for a continuous loop tape advertising Grand Casino Tunica to be played on at least one channel at all times on each television set or monitor which is located in the hotel. Landlord shall provide, at Landlord's expense, any tapes and equipment to Tenant which may be required in order for Tenant to fulfill its

2

obligations under this section.

Thus, the only lease provision relating to marketing was one which obligated plaintiff to provide certain advertising for the Grand Casino at the Comfort Suites Hotel.[1]

In the view of this court, the evidence clearly suggests that the lease agreement in this case was not intended to deal with the subject of the Grand Casino's marketing obligations vis a vis the hotel. In so concluding, the court would emphasize that the letter from Bienapfl to Bursey specifically notes that "your call indicated that the lease did not cover the issue of the marketing which Grand Casinoss, [sic] Inc. has agreed to provide to your project." After noting that the lease agreement did not deal with this issue, Bienapfl did *not* suggest that the lease agreement would be modified to deal with this subject matter. Rather, Bienapfl made what plainly appears to be an independent and unambiguous promise that "[w]e shall provide the reservation services through our central reservation system if desired and any and all brochures for the Casino (The Comfort Suites shall be listed in our casino brochures) and in any of the National Advertising publications such as Southern Living, etc. at no cost to your project."

The most logical reading of Bienapfl's letter is that Bursey had specifically raised the issue of the Grand Casino's marketing obligations and, more specifically, the lease's failure to deal with this issue. In response to these concerns, Bienapfl made specific assurances that the

---

[1]Defendants note that the lease agreement also contains a merger clause providing as follows:
> 50. <u>Entire Agreement: Modifications</u>. This Lease together with the Exhibits attached hereto constitutes the entire agreement of the parties hereto with regard to the subject matter hereof and thereof. This Lease may not be modified or terminated except as expressly provided herein or except by a writing signed by Landlord and Tenant. Any such modification or termination made otherwise than as expressly permitted by this Section 50 shall be void.

3

Grand Casino would, in fact, provide specified marketing services for the hotel, notwithstanding the lease agreement's failure to address this issue. Bienapfl's letter also referenced promises that the Grand Casino had already made to market the hotel, further strengthening plaintiff's arguments on this issue.

There is nothing in the lease agreement which deals with the Grand Casino's marketing obligations towards the hotel, and the Grand Casino's agreement to assume these obligations must be regarded as a collateral agreement for the purposes of the parol evidence rule. The court would also emphasize that this is not a case involving a disputed oral promise or an "off the cuff" remark by a low-level Grand Casino employee. To the contrary, Bienapfl, a Grand Casino vice president, clearly obligated his employer in writing, as part of formal negotiations with Bursey, to provide marketing services to the hotel. Moreover, Bienapfl made these promises in such a way as to lead Bursey to reasonably conclude that this obligation was being incurred by the Grand Casino separate from the lease agreement between the parties. Under these circumstances, it would clearly be inequitable and contrary to law to permit defendants to avoid their contractual obligations, and the motion in limine to exclude Bienapfl's letter to Bursey will therefore be denied.

In light of the foregoing, it is ordered that defendants' motion in limine [183-1] to exclude the November 12, 1997 letter from Richard Bienapfl to Jo Bursey is denied.

It is further ordered that:

1. Plaintiff's motion [189-1] for this court to reconsider its prior order denying permission for plaintiff to reinstate its claim for punitive damages is denied, for the reason stated in the court's prior order so denying permission.

2 . Plaintiff's motion [208-1] to exclude defendants' witnesses Richard Simms and Bradley C. Rhines is denied.[2]

3. Plaintiff's motion to disqualify [212-1] Grady Tollison as counsel is granted.

4. Defendants' motion to strike [219-1] is denied.

**SO ORDERED** this 16th day of June, 2005.

   /s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**

---

[2] In their motion, plaintiff objects to defendants' alleged failure to designate these witnesses, but the court concludes that this objection lacks merit in light of the continuances since granted by this court.